CR 18      EJD  VKD

SEALED BY ORDER OF THE COURT

E-filing

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

SEALED BY ORDER OF COURT

### *SAN JOSE DIVISION*

## THE UNITED STATES OF AMERICA

### vs

## KISHORE KUMAR KAVURU

## INDICTMENT

FILED

OCT 18 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| COUNTS 1-10: | 18 U.S.C. § 1546(a) – Visa Fraud |
| COUNTS 11-20: | 18 U.S.C. § 1341 – Mail Fraud |

*A true bill.*

_____
**Foreperson**

*Filed in open court this* __18__ *day of* __Oct__ _____ *A.D. 201*_8_

_____
*United States Magistrate Judge*

**Bail. $** *No bail warrant*



DOCUMENT NO.    CS49
INITIALS

1e

DISTRICT COURT
CRIMINAL CASE PROCESSING



E-filing

ALEX G. TSE (CABN 152348)
United States Attorney

SEALED BY ORDER OF COURT

UNDER SEAL

FILED

OCT 18 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

KISHORE KUMAR KAVURU,
    a.k.a. Kishore Kumar

    Defendant.

No. CR 18 515 EJD

VKD

VIOLATIONS:

18 U.S.C. § 1546(a) – Visa Fraud;
18 U.S.C. § 1341 – Mail Fraud;
18 U.S.C. § 982(a)(6)(A)(ii) – Visa Fraud Forfeiture;
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2641(c) –
Mail Fraud Forfeiture

San Jose Venue

INDICTMENT

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

Relevant Individual and Entities

At all times relevant to this Indictment:

1.      Defendant Kishore Kumar KAVURU, a resident of Sunnyvale, California, was the owner, Chief Executive Officer, and person with ultimate authority over the activities and operations of Scopus Consulting Group, Inc., ITECH Analyst Corp, Infinity Methods Corp, and Orian Engineers Incorporated (together, the "Consulting Companies").

INDICTMENT                        1

1    2.    Scopus Consulting Group, Inc., incorporated in the State of California on or about

2  November 7, 2006 and in the State of Pennsylvania on or about October 26, 2009, was owned and

3  controlled by Kishore Kumar KAVURU.

4    3.    ITECH Analyst Corp, incorporated in the State of Connecticut on or about January 22,

5  2015 and in the State of California on or about January 25, 2016, was owned and controlled by Kishore

6  Kumar KAVURU.

7    4.    Infinity Methods Corp, incorporated in the State of South Carolina on or about October

8  17, 2016 and in the State of California on or about October 28, 2016, was owned and controlled by

9  Kishore Kumar KAVURU.

10    5.    Orian Engineers Incorporated, incorporated in the State of Georgia on or about

11  September 2, 2011 and in the State of California on or about September 12, 2011, was owned and

12  controlled by Kishore Kumar KAVURU.

13                                    The H-1B Visa Program

14    6.    The Immigration and Nationality Act, 8 U.S.C. § 1101, controls and regulates several

15  categories of foreign nationals who may be admitted to the United States on a temporary basis as a

16  nonimmigrant.

17    7.    The H-1B Specialty Occupation Workers program allows an employer to temporarily

18  employ a foreign worker in the United States on a nonimmigrant basis in a "specialty occupation."

19  A specialty occupation requires the theoretical and practical application of a body of specialized

20  knowledge and a bachelor's degree or its equivalent in the specific specialty.  The Employment and

21  Training Administration ("ETA") is an agency of the United States established within the U.S.

22  Department of Labor ("DOL") and empowered to administer parts of the H-1B program.

23    8.    Each employer seeking to employ an H-1B nonimmigrant is required to submit a

24  completed Labor Certification Application, ETA Form 9035 ("LCA").  The LCA requires the employer

25  to make several attestations, including confirming the existence and duration of the temporary job

26  posting, the wages, working conditions, and benefits to be provided to the nonimmigrant.

27

28

INDICTMENT                                    2

1    9.    Upon submission of the LCA and subsequent DOL certification, the employer of an

2    H-1B nonimmigrant worker is required to file a Form I-129, Petition for Nonimmigrant Worker ("I-129

3    Petition") with the U.S. Citizenship and Immigration Services ("USCIS"), a component of the U.S.

4    Department of Homeland Security ("DHS"), for the specific individual – the beneficiary of the H-1B

5    visa application process – hired in connection with the particular certification.

6                        Sponsorship of H-1B Visa Applications by Defendant's Companies

7    10.    Since at least 2007, Kishore Kumar KAVURU, through his Consulting Companies, held

8    himself out as a staffing specialist for technology firms based in Santa Clara County and elsewhere

9    seeking to fill temporary positions with H-1B workers.  As owner and Chief Executive Officer,

10   KAVURU was the person with ultimate authority over the activities and operations of the Consulting

11   Companies, including the creation and submission of H-1B visa applications to the DOL, DHS, and

12   other agencies of the United States.  He also controlled the bank accounts of the Consulting Companies.

13   11.    Beginning no later than 2007 and continuing through at least 2017, in the Northern

14   District of California and elsewhere, KAVURU submitted, and caused to be submitted, approximately

15   six hundred (600) H-1B visa applications for temporary nonimmigrant beneficiaries sponsored by the

16   Consulting Companies.  These applications required the petitioner to represent to the United States,

17   under penalty of perjury and criminal and civil penalties, the true name, location, terms, and duration of

18   the underlying employment position to be filled by the stated beneficiary in each H-1B application.

19   12.    During this time, KAVURU submitted, and caused to be submitted, fraudulent

20   documents to the United States in connection with H-1B applications to create a pool of H-1B

21   beneficiaries who could thereafter be placed at legitimate employment positions in the Northern District

22   of California and elsewhere.  Through this scheme, the defendant reaped profits and gained an unfair

23   advantage over competing employment-staffing firms because he could immediately place foreign

24   workers with legitimate end-clients, while competing staffing companies who were complying with the

25   law had to follow the lengthy visa application process before placing workers.

26   13.    As part of the scheme to defraud, KAVURU submitted and caused to be submitted, by

27   means of the U.S. Mail and commercial common carrier, LCA forms, I-129 petitions, and supporting

28

INDICTMENT                                3

1  documentation, among other documents, that contained false representations and material omissions

2  relating to, among other things, the nature and existence of purported end-client companies and the

3  nature, existence, and scope of H-1B positions.

4      14.    The end-client companies listed in KAVURU's H-1B applications never employed or

5  otherwise received the proposed H-1B workers, and never intended to employ or receive those H-1B

6  workers.

7      15.    Among the end-client companies listed in KAVURU's H-1B applications was Mission

8  Benefits, Inc., an employee benefits and health insurance brokerage company owned and operated by

9  Person 1. During the relevant period, KAVURU's Consulting Companies submitted and mailed

10  approximately 43 separate I-129 petitions for H-1B workers to be placed at Mission Benefits, Inc., as

11  software engineers for periods of two to four years, on work schedules of 20 to 40 hours per week.  In

12  fact, at the time of the filing of the I-129 petitions, as KAVURU well knew, Person 1 and Mission

13  Benefits had no such software engineer positions available, KAVURU did not intend to place these H-

14  1B workers at Mission Benefits, and none of the workers who received H-1B visas through KAVURU's

15  scheme ever worked at Mission Benefits in such positions, as attested to in the petitions.

16      16.    Between approximately 2009 and 2017, KAVURU's Consulting Companies, operating as

17  the petitioning employer companies, submitted more than one hundred additional I-129 petitions, signed

18  under penalty of perjury by KAVURU or one of his employees, for H-1B workers to be placed at other

19  purported end-client companies, including but not limited to Wayfinder Technology, Inc., Winnova

20  Corp., MSW Green Energy, ZK Cell Test, Prosoft Solutions, and Pydi Solutions (together with Mission

21  Benefits, Inc., the "End-Client Companies"). As KAVURU well knew, these purported end-client

22  companies did not have jobs for KAVURU's H-1B workers, KAVURU did not intend to place those

23  workers at those end-client companies, and none of those workers were placed at those end-client

24  companies.

25      17.    As part of the scheme to defraud, KAVURU required H-1B beneficiaries to pay

26  thousands of dollars in cash for the cost of preparing and submitting their visa petitions in violation of

27

28

INDICTMENT                      4

1  DOL regulations.  During this period, KAVURU also transferred thousands of dollars in cash to Person
2  1, who then transferred monies back to KAVURU via check.

3      18.    As part of the scheme to defraud, KAVURU required beneficiaries who had received
4  their H-1B visas to take unpaid leave while the beneficiaries waited months to be placed at a legitimate
5  end-client.  Failure to pay H-1B workers while they are "benched" in this manner is a violation of DOL
6  regulations.

7      19.    As part of the scheme to defraud, KAVURU sent and caused to be sent the above-
8  mentioned fraudulent I-129 petitions through private and commercial interstate carriers and U.S. Mail.

9

10  COUNTS ONE THROUGH TEN:  (18 U.S.C. § 1546(a) – Visa Fraud)

11     20.    The factual allegations contained in paragraphs 1 through 19 of this Indictment are
12  hereby re-alleged and incorporated by reference as if set forth in full herein.

13     21.    On or about the dates set forth below, in the Northern District of California and
14  elsewhere, the defendant,

15                      KISHORE KUMAR KAVURU,

16  knowingly made under oath, and subscribed as true under penalty of perjury under 28 U.S.C. § 1746,
17  false statements with respect to material facts in an application, an affidavit, and a document required by
18  the immigration laws and regulations prescribed thereunder, namely, in the I-129 petitions and
19  supporting documentation for H-1B nonimmigrant worker applicants, by falsely representing that the
20  below-listed applicants had job offers and statements of work documents from End-Client Companies,
21  when the defendant knew then and there that these representations were false:

| COUNT | SIGNING DATE | NAME OF BENEFICIARY |
|---|---|---|
| 1 | 3/22/16 | R.R. |
| 2 | 3/30/15 | D.D. |
| 3 | 6/17/14 | R.H.J. |
| 4 | 3/19/15 | G.P. |

INDICTMENT                          5

| 5 | 4/29/16 | A.C. |
|---|---------|------|
| 6 | 1/5/15 | D.S. |
| 7 | 10/25/13 | U.C. |
| 8 | 3/13/15 | S.B. |
| 9 | 3/31/16 | P.P. |
| 10 | 3/31/15 | R.U. |

All in violation of Title 18, United States Code, Section 1546(a).

COUNTS ELEVEN THROUGH TWENTY: (18 U.S.C. § 1341 – Mail Fraud)

22.     The factual allegations contained in paragraphs 1 through 21 of this Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

23.     On or about the dates listed below, in the Northern District of California and elsewhere, the defendant,

KISHORE KUMAR KAVURU,

having devised and intending to devise a material scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, promises, and material omissions, for the purpose of executing such scheme and artifice and attempting to do so, placed in a post office, and in an authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and deposited and caused to be deposited matters and things sent and delivered by private or commercial interstate carrier, and took and received therefrom, such matters and things, and knowingly caused to be delivered by mail and such carrier according to the direction thereon, and at the place at which it was directed to be delivered by the person to whom it is addressed, such matters and things, including by making false representations and material omissions about, among other things, the purported nature and existence of the End-Client Companies, and the nature, existence, and scope of purported H-1B positions at those companies, for the purpose of illegitimately acquiring H-1B visas:

INDICTMENT                                          6

| COUNT | SENT DATE | DESCRIPTION OF MAILING |
|-------|-----------|------------------------|
| 11 | 3/28/16 | I-129 Petition and Supporting Documents for Beneficiary R.R. |
| 12 | 4/3/15 | I-129 Petition and Supporting Documents for Beneficiary D.D. |
| 13 | 6/17/14 | I-129 Petition and Supporting Documents for Beneficiary R.H.J. |
| 14 | 4/4/15 | I-129 Petition and Supporting Documents for Beneficiary G.P. |
| 15 | 5/2/16 | I-129 Petition and Supporting Documents for Beneficiary A.C. |
| 16 | 1/5/15 | I-129 Petition and Supporting Documents for Beneficiary D.S. |
| 17 | Sent between 10/25/13 and 11/13/13 | I-129 Petition and Supporting Documents for Beneficiary U.C. |
| 18 | 4/3/15 | I-129 Petition and Supporting Documents for Beneficiary S.B. |
| 19 | 4/2/16 | I-129 Petition and Supporting Documents for Beneficiary P.P. |
| 20 | 4/1/15 | I-129 Petition and Supporting Documents for Beneficiary R.U. |

All in violation of Title 18, United States Code, Section 1341.

FORFEITURE ALLEGATION: (18 U.S.C. §§ 981(a)(1)(C), 982(a)(6)(A)(ii) and 28 U.S.C. § 2461(c) – Criminal Forfeiture)

24.     The factual allegations contained in paragraphs 1 through 23 of this Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

25.     Upon a conviction for Counts 1 through 10 of this Indictment, a violation of 18 U.S.C. § 1546(a), the defendant,

KISHORE KUMAR KAVURU,

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(6)(A)(ii), any property, real or personal, (i) that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of conviction; or (ii) that is used to facilitate, or is intended to be used to facilitate, the commission of the offense of conviction. The property includes, but is not limited to, the following: a sum of money equal to the total value of proceeds obtained directly or indirectly from the commission of the offense of conviction.

INDICTMENT                                    7

26.   Upon a conviction for Counts 11 through 20 of this Indictment, a violation of 18 U.S.C. § 1341, the defendant,

KISHORE KUMAR KAVURU,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of conviction.  The property includes, but is not limited to, the following:  a sum of money equal to the total value of proceeds obtained directly or indirectly from the commission of the offense of conviction.

27.   If, as a result of any act or omission of the defendants, any of said property

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty, any and all interest defendant has in any other property up to the value of the proceeds traceable to said offense shall be forfeited to the United States pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

All pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(6)(A)(ii), and 28 U.S.C. § 2461(c).

DATED: 10-18-18

A TRUE BILL

FOREPERSON

ALEX G. TSE
United States Attorney

_For Barbara Valliere_

BARBARA J. VALLIERE
Chief, Criminal Division

(Approved as to form: _Maia Perez_ )
AUSA PEREZ

INDICTMENT                               8

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☐ SUPERSEDING

### OFFENSE CHARGED

COUNTS 1-10: 18 U.S.C. § 1546(a) - Visa Fraud
COUNTS 11-20: 18 U.S.C. § 1341 – Mail Fraud

UNDER SEAL

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY: COUNTS 1-10: Max prison term: 10 years; Max fine: $250,000;
Max supervised release: 3 years; $100 special assessment fee
COUNTS 11-20: Max prison term: 20 years; Max fine: $250,000; or
twice the amount of the gain or loss; Max supervised release: 3
years; $100 special assessment fee

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

### DEFENDANT - U.S.

► KISHORE KUMAR KAVURU

DISTRICT COURT NUMBER

CR 18 515 EJD
VKD

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

DOL OIG Chris Collins

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
}

Name and Office of Person Furnishing Information on this form   ALEX G. TSE

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   AUSA Maia Perez

### DEFENDANT

IS NOT IN CUSTODY
1) ☒ Has not been arrested, pending outcome this proceeding.
☐ If not detained give date any prior summons was served on above charges ►

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

### IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes } If "Yes" give date filed
☐ No

DATE OF ARREST   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ► Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT    Bail Amount: None

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                Before Judge:

Comments:

FILED
OCT 18 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA